IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL MAURICE WALLACE,
# N6216                                                                                                      PETITIONER

VS.                                                          CIVIL ACTION NO. 5:21-cv-70-DCB-FKB

BURL CAIN                                                                                                RESPONDENT

### REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief, filed by Carl Maurice Wallace pursuant to 28 U.S.C. § 2254. *See* [1]. Respondent has filed a Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d), to which Wallace has not responded. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.   FACTS AND PROCEDURAL HISTORY

In his petition, Wallace challenges his five convictions and sentences on charges of felon in possession of a firearm and possession with intent to distribute cocaine, marijuana, synthetic cannabinoids, and methamphetamine that he obtained on June 27, 2017, following a jury trial in the Circuit Court of Jefferson County, Mississippi. [1] at 1. The Circuit Court sentenced Wallace as a habitual offender under Mississippi Code Annotated § 99-19-81 to a ten-year sentence for his felon-in-possession conviction, to run consecutively to a combined twenty-year sentence for his drug-related convictions, for a total of thirty years to serve in the custody of the Mississippi Department of Corrections. [9-1] at 2-3.

With the aid of counsel, Wallace appealed his convictions and sentences, which were affirmed by the Mississippi Court of Appeals on April 23, 2019. *See Wallace v. State*, No. 2017-KA-01072-COA, 2019 WL 1771908 (Miss. Ct. App. 2019), *reh'g denied*, (Aug. 6, 2019), *cert. denied*, 279 So. 3d 1086 (Miss. 2019). Wallace did not seek further review with the United

States Supreme Court, therefore his convictions became final on January 29, 2020, ninety days after the Mississippi Supreme Court denied *certiorari* review on October 31, 2019. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)(concluding, *inter alia*, that conviction becomes final on direct review upon expiration of the ninety-days allowed for petition to the United States Supreme Court from entry of judgment by state court of last resort).

On September 3, 2020, Petitioner, with the aid of counsel, filed in the Mississippi Supreme Court a motion for post-conviction relief challenging his convictions and sentences. *See Wallace v. State*, Case No. 2020-M-00979. The Mississippi Supreme Court denied Wallace's application for relief on October 29, 2020. *See* [9-3].

Wallace submitted his petition to prison officials for mailing to this Court on August 11, 2021. [1-5]. Wallace failed to sign or date his petition, but he signed and dated his motion to proceed *in forma pauperis* on August 11, 2021. *See* [1] at 15, [2] at 2. The Court later ordered Wallace to sign his petition, *see* [5], and, thereafter, Petitioner submitted a signature page dated October 6, 2021. *See* [6]. Because his petition was received as "legal mail" at his facility on August 11, 2021, the Court will consider that date as the date of filing for purposes of the statute of limitations. *See* [1-5]; *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes."). The State responded with its Motion to Dismiss [9], arguing that the petition is untimely. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

II. DISCUSSION

The State asserts that Wallace's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also

3

be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Wallace's petition is untimely filed. Wallace's convictions and sentences became final on January 29, 2020, ninety days after the Mississippi Supreme Court denied *certiorari* review on October 31, 2019. *See Roberts*, 319 F.3d at 694. Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Wallace's habeas petition was due in this court by January 29, 2021. However, Wallace, through counsel, "properly filed" a motion for post-conviction relief on September 3, 2020, which tolled the one-year federal habeas limitations period for fifty-seven days, until October 29, 2020, when the Mississippi Supreme Court denied Wallace's motion for post-conviction relief. Accordingly, Wallace had until Monday, March 29, 2021[1] to file his federal habeas petition in this court. Instead, Wallace filed his petition on August 11, 2021, when it was received by prison officials for mailing. Thus, his petition challenging his 2017 convictions was filed over four months after the expiration of AEDPA's one-year statute of limitations.

Wallace's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and

---

[1] January 29, 2021 plus fifty-seven days of statutory tolling equals Saturday, March 27, 2021. Under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the next available business day for filing was Monday, March 29, 2021.

exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).

Accordingly, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadlines and, therefore, recommends that the petition be dismissed as untimely filed. Because the undersigned recommends that the petition be dismissed, the undersigned also recommends that Petitioner's request for an evidentiary hearing be denied.

III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [9] be granted and that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 20th day of April, 2022.

/s/ F. Keith Ball                .
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).