```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

CARL MAURICE WALLACE,
\# N6216                                                PETITIONER

VS.                       CIVIL ACTION NO. 5:21-cv-70-DCB-FKB

BURL CAIN                                              RESPONDENT


ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 11], which recommends that Burl Cain ("Respondent")'s Motion to Dismiss [ECF No. 9] be granted and that this case be dismissed with prejudice. [ECF No. 11] at 5. Carl Maurice Wallace ("Petitioner") did not respond to the Motion to Dismiss, and he filed no objections to the Report and Recommendation. The respective deadlines for filing a response to the Motion to Dismiss and objections to the Report and Recommendation have passed.[1] Having reviewed *de novo* the Report and Recommendation,

---

[1] The Report and Recommendation provided the parties with a notice of their right to object and the time deadlines for doing so. It also warned the parties of the consequences that result from a failure to object. [ECF No. 11] at 5; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

and having carefully reviewed the submissions of the parties (including the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, [ECF No. 1], and the Motion to Dismiss, [ECF No. 9]) and applicable statutory and case law, the Court finds the Report and Recommendation to be well-taken.

Magistrate Judge Ball recommended that Petitioner's federal habeas petition be dismissed as time-barred because it was filed more than four (4) months after the expiration of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d),[2] and because Petitioner made no attempt to demonstrate the rare and extraordinary circumstances required for equitable tolling of the AEDPA's limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(petitioner has the burden to prove that he is entitled to equitable tolling); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled only in "rare and exceptional circumstances"). Given the recommended dismissal for an untimely filing, the Magistrate Judge also

---

[2] The Magistrate Judge took into consideration the 57-day time period during which Petitioner pursued postconviction relief in the Mississippi Supreme Court. [ECF No. 11] at 4 & n.1. Under Section 2244(d)(2) of the AEDPA, this tolled the one-year federal habeas limitations period for an additional 57 days until Monday, March 29, 2021 (the next available business day for filing in this Court). Petitioner did not file his federal writ of habeas corpus until August 11, 2021.

recommended that the Petitioner's request for an evidentiary hearing be denied. [ECF No.11] at 5.

The Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken a thorough examination of the issues presented and has issued a well-reasoned opinion.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 11] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Motion to Dismiss [ECF No. 9] is GRANTED.

IT IS FURTHER ORDERED that the Petitioner's request for an evidentiary hearing is DENIED, and his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1] is DISMISSED with prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 2nd day of August 2022.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE